## KNOX GREER v. STATE.

No. A-1562.    Opinion Filed June 30, 1913.

(132 Pac. 1122.)

**TRIAL—Verdict—Evidence.** It is the province of the jury to try the issue joined by a plea of not guilty; and, if the evidence of the state uncontradicted will support a conviction, this court will not ordinarily interfere with a verdict against the defendant.

(Syllabus by the Court.)

*Appeal from County Court, Pontotoc County;*
*Conway O. Barton, Judge.*

Knox Greer was convicted of violating the prohibitory law, and appeals. Affirmed.

*Crawford & Bolen,* for plaintiff in error.
*Chas. West,* Atty. Gen., and *Smith C. Matson,* and *E. G. Spillman* Asst. Attys. Gen., for the State.

DOYLE, J.   Plaintiff in error was convicted upon an information charging him with the unlawful sale of a bottle of whisky to one M. V. Smith.   On the 5th day of September, 1911, he was sentenced in accordance with the verdict to be confined for 30 days in the county jail and pay a fine of $50.   To reverse the judgment he prosecutes this appeal.

His principal contention is that the verdict is not sustained by sufficient evidence.   The complaining witness, M. V. Smith testified that some time in the month of February he went into the Palace Pharmacy in the town of Allen, and bought a pint of whisky from the defendant, paying him $1 therefor.   The defendant testified that he remembered that the complaining witness was in his store, but denied that he sold him any whisky or other intoxicating liquors of any kind.

There was a direct conflict in the testimony of the complaining witness and that of the defendant.   The jurors had the witnesses before them, and they no doubt in determining the truth took into consideration all the attending circumstances of the case.   The defendant was interested in the event of the trial, and the complaining witness was not, so far as the record discloses.   This of itself, for aught we can know, may have fully warranted the jury in giving credence to the evidence of the complaining witness.   It is not impossible that the verdict is unjust and the result of prejudice, but we cannot so declare when there is sufficient evidence to support it, and no extraneous facts shown which cast any reflection upon the good faith or impartiality of the jury.   The record shows that the defendant has received a fair trial within the meaning of the law.   The judgment of the county court of Pontotoc county is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.